

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DENNIS LAMONT DORSEY,** <br> **Plaintiff,** | Civil Action No. 7:10-cv-00451 |
| v. | **MEMORANDUM OPINION** |
| **JUDGE DAVID WILLIAMS, et al.,** <br> **Defendants.** | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

David Lamont Dorsey, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants state-court judge David Williams and public defender Bill Bourland. Plaintiff alleges that the defendants made him plead guilty to a crime he did not commit. Plaintiff seeks as relief a new lawyer, a new trial, or dismissal of his case. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915(e) and § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint as frivolous.

I.

Plaintiff alleges the following facts in his verified complaint. On September 21, 2010, in the Henry County Circuit Court, plaintiff told Judge Williams that plaintiff was not satisfied with his court-appointed attorney, Bill Bourland. Judge Williams paid plaintiff "no mind." Plaintiff reiterated the same complaint the next day, but Judge Williams still denied plaintiff a new lawyer. His lawyer forced plaintiff to plead guilty later that same day to a crime he did not commit.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or

1

claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.

1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender).

To the extent plaintiff challenges his state-court conviction or requests a speedier release from custody, his sole remedy in federal court is a properly filed habeas petition. See Edwards v. Balisok, 520 U.S. 641, 645-47 (1997) (stating that § 1983 damages claim arguing that due process rights violations resulted in loss of good-time credits should be brought as habeas corpus petition); Heck v. Humphrey, 512 U.S. 477, 486-88 (1994) (stating that a § 1983 claim that would necessarily demonstrate the invalidity of confinement or its duration should be brought as a habeas claim); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). Therefore, plaintiff may not seek an order from a § 1983 action that would release him from custody quicker than what an imposed sentence requires. Moreover, federal district courts lack the jurisdiction to tell state-court judges how to conduct a state-court criminal proceedings, and state-court judges are

entitled to judicial immunity for actions within their jurisdiction. See, e.g., Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Accordingly, plaintiff pursues a meritless legal theory to challenge his state criminal proceedings via § 1983, and I dismiss the complaint.

III.

For the foregoing reasons, I grant plaintiff leave to proceed in forma pauperis and dismiss the complaint as frivolous.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 5th day of October, 2010.

                                                                          Senior United States District Judge